IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

  v.

VAIL RESORTS, INC., and

THE VAIL CORPORATION

        Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of gender and religion. This action seeks to provide appropriate relief to Lisa Marie Ansell who was adversely affected by such practices. Lisa Marie Ansell was repeatedly subjected to harassment and different terms and conditions of employment based on her gender, female, and her religion, Christian. EEOC further alleges that Defendants failed to reasonably accommodate Ms. Ansell's religious practices and/ or beliefs. Ms. Ansell was also subjected to different terms and conditions of employment because of her gender and religion. Ms. Ansell complained about the discriminatory treatment and was discharged in retaliation for opposing the discrimination.

- 1 -

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a), 2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§200e-5(f)(1) and (3).

4. At all relevant times, Vail Resorts, Inc., and the Vail Corporation (the "Employers"), have continuously been doing business in the State of Colorado and have continuously had at least 15 employees.

5. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Lisa Marie Ansell filed a charge with the Commission alleging violations of Title VII by Defendants. All

conditions precedent to the institution of this lawsuit have been fulfilled.

## FIRST CLAIM: HOSTILE WORK ENVIRONMENT/HARASSMENT

7. Since at least June 26, 2002, Defendants have engaged in unlawful employment practices at its facilities in Vail, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by harassing Ms. Ansell because of her gender, female, and because of her religion, Christian.

## SECOND CLAIM: DIFFERENT TERMS AND CONDITIONS

8. Since at least June 26, 2002, Defendants have engaged in unlawful employment practices at its facilities in Vail, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Ms. Ansell to different terms and conditions of employment, including but not limited to scheduling, because of her gender, female, and because of her religion, Christian.

## THIRD CLAIM: FAILURE TO ACCOMMODATE RELIGION

9. Since at least June 26, 2002, Defendants have engaged in unlawful employment practices at its facilities in Vail, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to reasonably accommodate Ms. Ansell's religious practices and/or beliefs, Christian.

## FOURTH CLAIM: DISCHARGE

10. Since at least September 2, 2005, Defendants have engaged in unlawful employment practices at its facilities in Vail, Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Ms. Ansell for opposing the gender and religious discrimination by discharging her.

11. The effect of the practices complained of in paragraphs 7 – 10, above, has been to

deprive Lisa Marie Ansell of equal employment opportunities because of her gender, religion and because she opposed discrimination and otherwise adversely affect her status as an employee because of her gender and religion.

12. The unlawful employment practices complained of in paragraphs 7 – 10, above, were and are intentional.

13. The unlawful employment practices complained of in paragraphs 7 – 10, above, were done with malice or with reckless indifference to the federally protected rights Lisa Marie Ansell.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of gender and religion.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and Christians and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Lisa Marie Ansell by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or frontpay.

D. Order Defendants to make whole Lisa Marie Ansell, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendants to make whole Lisa Marie Ansell by providing compensation

for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 28, 2007.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L Street, N.W.
        Washington, D.C.  20507

        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        *s/ Rita Byrnes Kittle*
        RITA BYRNES KITTLE
        Acting Supervisory Trial Attorney
        EEOC Denver Field Office
        303 E. 17th Ave., Suite 510
        Denver, CO  80203
        Telephone:  303-866-1347
        Fax:  303-866-1375
        Email:  rita.kittle@eeoc.gov

*s/ Nancy A. Weeks* _____
NANCY A. WEEKS
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave., Suite 510
Denver, CO  80203
Telephone:  303-866-1947
Fax:  303-866-1375
Email:   nancy.weeks@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**