IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02035-REB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

       Plaintiff,

and

LISA MARIE CORNWELL, f/k/a Lisa Marie Ansell,

       Plaintiff-Intervenor,

v.

THE VAIL CORPORATION,

       Defendant.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

       This matter is before the Court on **Defendant's Motion for Protective Order
Quashing or Limiting Scope of the Deposition of Defendant's Rule 30(b)(6)
Representative** [Docket No. 109; Filed October 15, 2008] (the "Motion").  Plaintiff EEOC
and Plaintiff-Intervenor Lisa Marie Cornwell (collectively, "Plaintiffs") filed a response on
November 10, 2008 [Docket No. 117] and Defendant filed a Reply on November 20, 2008
[Docket No. 121].  At a hearing to resolve other pending discovery motions, the Court
indicated that the issues of interest to the Court were:  (1) whether the topics proposed by
Plaintiffs could be addressed in a seven-hour deposition and, if not, which topics would
have priority; (2) identification of "bystander witnesses" who would address the noticed
topics, and which topics each witness would address; and (3) whether the topics were

duplicative of deposition testimony already provided.  *Order* [#113] at 3.

Plaintiffs failed to address the first topic with specificity.  Indeed, Plaintiffs take the position that they are permitted to conduct a seven-hour deposition of each of Defendant's designees based upon a comment contained in the Advisory Committee notes to Fed. R. Civ. P. 30.  *Response* [#117] at 4 (citing 2000 Advisory Committee Notes to Fed. R. Civ. P. 30).  The Court declines to adopt Plaintiffs' contention here.  First, Plaintiffs provide no legal support for their interpretation of this comment.  Second, even were the Court to accept Plaintiffs' contention, the Court's preference for a single, seven-hour deposition was clearly conveyed to Plaintiffs at the prior motions hearing, and I do not find that any more than a single, seven-hour deposition is warranted under these circumstances.  Plaintiffs also contend that without knowledge of the identity of Defendant's designees, they cannot offer an estimate about the length of time each noticed topic should take.  *Id.* at 4-5. Because Plaintiffs, and Plaintiffs alone, know the scope of their questions on each topic, the Court is hard pressed to accept Plaintiffs' statement.  The nature and extent of the questions to be asked is a more reliable indicator of the amount of time required to cover a topic than the identity of the deponent.  Further, the Court notes that Plaintiffs' alleged inability to provide time estimates allowed Defendant to assert unchallenged approximations of the amount of time necessary to cover the noticed topics, totaling nearly 140 hours of potential deposition testimony [Docket No. 121-2].  Without more, this estimate supports the contention that the proposed Rule 30(b)(6) deposition is both unduly broad and burdensome.

Plaintiffs wholly failed to meaningfully address the remaining two topics of interest to the Court, i.e., Defendant's assertion that bystander witnesses would be compelled to

testify, and that the testimony sought is duplicative. As a result, the only cogent information before the Court on these subjects is that provided by Defendant.

In support of its Motion, and in compliance with the Court's briefing request, Defendant contends that Plaintiffs' Rule 30(b)(6) deposition notice is an attempt to circumvent deposition limits established in the Scheduling Order, is unduly broad as it purports to require testimony about all of the businesses owned by Defendant (not just Plaintiff-Intervenor's former employer, Keystone Resort), is duplicative of previous deposition testimony obtained from Defendant's agents, seeks irrelevant information, and seeks information that could be obtained from less-burdensome sources. *Motion* [#109] at 5-13; *Reply* [#121] at 5-10; *Exhibit E* [#121-2]. While the standard for permissible discovery is purposely broad, it is not without limitation. *See* Fed. R. Civ. P. 26(c). Discovery which is duplicative or unduly burdensome should not be permitted. *See id.* 26(b)(2)(C); *see also SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4087240, at *3 (D. Colo. Oct. 19, 2008) (unpublished decision).

Plaintiffs' revised Rule 30(b)(6) deposition notice [Docket No. 109-5] includes thirty-three different topics which Plaintiffs seek to address in the deposition, only three of which were withdrawn prior to filing of the Motion. Thus, at the time of filing, Plaintiffs sought testimony on thirty topics. According to Defendant's unrebutted argument, other witnesses have already been deposed on at least fifteen of those topics (Nos. 1, 2, 3, 4, 5, 10, 12, 15, 16, 17, 20, 21, 25, 30 and 31), and Defendant has provided written evidence with respect to six more (Nos. 19, 22, 23, 24, 26 and 28). *Exhibit E* [#121-2]. Of the remaining nine topics identified by Plaintiffs, Defendant asserts that it offered to provide a designee to testify on a limited basis about three of them (Nos. 7, 8 and 9), that Plaintiffs chose not to

depose the witness who is the individual with knowledge as to another topic (No. 18), and that it is impossible to identify witnesses to testify to one topic because of its breadth (No. 29). *Id.* Thus, Defendant essentially contends that only *four* of the *thirty-three* original topics identified by Plaintiffs in their Rule 30(b)(6) deposition notice are <u>not</u> unnecessarily duplicative, burdensome or otherwise inappropriate. As mentioned earlier, Plaintiffs have utterly failed to contest this assertion in a meaningful way. Plaintiffs' argument that individual testimony does not duplicate corporate testimony lacks merit. Plaintiffs fail to explain how a corporate representative's Rule 30(b)(6) testimony on any of the identified topics could depart from the sworn testimony of current or former employees with direct knowledge of the same topics.

I agree with Defendant that many of Plaintiffs' noticed topics are unduly broad, irrelevant or duplicative. Plaintiffs should have exercised discretion to appropriately limit and condense the Rule 30(b)(6) deposition notice. Having failed to do so voluntarily, the Court finds that it must compel them to do so. Accordingly, while I find that Plaintiffs are entitled to conduct a Rule 30(b)(6) deposition, the scope of topics and deposition time must be limited to protect Defendant from undue burden and expense.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** as explained below.

(1)     Plaintiffs' Rule 30(b)(6) deposition of Defendant shall be conducted in no more than seven (7) hours, regardless of the number of designees;

(2)     No later than two weeks before the deposition, or less time if the parties so agree, Plaintiffs shall provide Defendant with a list setting forth the order in which the topics

on which Plaintiffs are permitted to proceed (see paragraph #7 below) will be addressed in the deposition. **Plaintiffs will proceed at the deposition in the order specified in the list, without exception**. Once the total deposition time has reached seven (7) hours, the deposition will end;

(3)     Within three business days after receipt of Plaintiffs' list required in paragraph #2 above, Defendant will provide Plaintiffs with a list of individuals designated to testify on each topic;

(4)     The discovery deadline is extended to **January 30, 2009** for the sole purpose of completing the Rule 30(b)(6) deposition. The dispositive motions deadline is extended to **February 27, 2009**. **No further extensions of these deadlines will be permitted**;

(5)     All topics identified in the deposition notice relating to "Defendant" shall be limited to Keystone Resort, and shall not include other resort and lodging properties owned by Defendant The Vail Corporation;

(6)     As to all topics identified in the deposition notice which contain the reference "including, but not limited to," Plaintiffs shall be limited to inquiring regarding only the precise information identified, and shall not be permitted to inquire about other unspecified information;

(7)     Plaintiffs shall be permitted to inquire about the following topics, with the limitations noted, as identified in their revised Notice of Deposition [#109-5]:

    No. 1
    No. 2
    No. 3
    No. 4
    No. 5
    No. 7  (only as to the procedures for intake and handling of hotline calls or traffic

reports as they relate to the calls or reports identified in Nos. 8, 9, 10, 11 and 12)

No. 8 (only as to the procedures by which the hotline call was handled by the Internal Audit Department)

No. 9  (same as No. 8)

No. 10 (same as No. 8)

No. 11

No. 12

No. 13

No. 18

No. 21

No. 22

No. 23

No. 24

No. 30

No. 31

No. 33

Given the number of topics on which inquiry is permitted, Plaintiffs are advised to carefully prioritize the topics prior to conducting the deposition, as **no extension of the deposition beyond seven (7) hours will be permitted without a showing of absolute necessity based solely upon the conduct of Defendant, its representatives and/or counsel**; and

(8)     Plaintiffs shall inform the Court, at least one week in advance, of the mutually agreed-upon date and time for the deposition.  Counsel for the parties shall call the Court during the deposition to obtain a ruling regarding disputes or objections other than to the form of the question.

IT IS FURTHER **ORDERED** that Plaintiffs shall show cause, in writing, on or before **December 31, 2008,** why the Court should not enter an Order requiring them to pay Defendant's reasonable expenses incurred in making the Motion, including attorneys' fees, pursuant to Fed. R. Civ. P. 26(c)(3) & 37(a)(5).

Dated:       December 3, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix