IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02035-REB-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

LISA MARIE CORNWELL, f/k/a/ LISA MARIE ANSELL,

    Intervenor

v.

THE VAIL CORPORATION,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in

Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets and commercial or financial information that is either privileged or confidential; (c) Lisa Marie Cornwell's W-2's and other financial information; and (d) Lisa Marie Cornwell's medical records.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendant; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties. Defendant's designated representatives are Monique Tuttle, Brian Peterson, Rick

Garcia, and Barbara Brandt.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by or associated with counsel, Court Personnel and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Defendant shall stamp as "CONFIDENTIAL" all financial and medical records obtained pursuant to subpoena and/or releases provided by the Intervenor. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty

3

(30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 2nd day of March, 2009.

BY THE COURT:

_____
United States ~~District~~ Judge
Magistrate

**AGREED AND APPROVED:**

s/ Rita Byrnes Kittle
Rita Byrnes Kittle, Esq.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
303 E. 17th Ave, Suite 410
Denver, CO 80203
Rita.Kittle@eeoc.gov
303.866.1361

Attorney for Plaintiff EEOC


s/ Laurie Scott Paddock
Laurie Scott Paddock, Esq.
LAW OFFICE OF LAURIE SCOTT PADDOCK
360 S. Monroe Street, Suite 400
Denver, CO 80209
303.863.0071
lauriepaddock@earthlink.net

Attorney for Plaintiff Intervenor

s/ Charles W. Weese
Charles W. Weese, III, Esq.
Colin L. Barnacle, Esq.
JACKSON LEWIS LLP
1050 17th Street, Suite 2450
Denver, CO 80265
weesec@jacksonlewis.com
barnaclc@jacksonlewis.com
(303) 225-2383

Attorneys for Defendant

5